```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| YVONNE FROST,<br><br>                              Plaintiff,<br><br>            -against-<br><br>CITY OF NEW YORK (HRA); NYC MTA;<br>N.Y.P.D.; UNITED STATES S.D.C.,<br><br>                              Defendants. | 19-CV-8795 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff Yvonne Frost brings this action alleging that Defendants violated her rights. By order dated October 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "Denial of leisurely place of abode. Different treatment. Deny me my rights to touch, see, hear my children" (ECF No. 2 at 2.)[1]

Plaintiff lists the places of occurrence as "New York, Brooklyn, Bronx," and the date of occurrence as "July 2019 − Present." (*Id.* at 5.)

Plaintiff alleges the following:

There was and still is a lot of events happening around this vicinity today. I have walked through most or all of them. In one of my complaint [sic] to the court I asked that movies, logos, clips etc of myself and my twins not be used without my permission and or agreement.

At all of the events I saw themes, clothes, food, accessories etc of my mentioned family used. The wording on banners and Tshirts was very insultive [sic]. Southern cooking with a Korean kick and glazed and confused got my attention.

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

> These people experimented on me, used me like a guinea pig and now think they can get away with it. How about more, a little more. How about my grey hair – old age and your mistakes are my future. Who is getting the credit at the kiosk at the World Trade Center? You people don't listen. The new items added are my theme/logo/idea.
>
> Yesterday a young lady asked me if I wanted a hot pretzel. She said she got it at a party. I said no. That hot pretzel was all those events today. They are keeping me homeless and making/playing a game of it. Is that normal? Is this human thinking? It is unconscionable.
>
> They wear disguise but I believe this same lady last week slept with an african M.T.A. guy to get hold of my money and dwindled it. Via dream she told me she hate [sic] me. Someone held a sign in the march today that read: "Don't tell my dad."
>
> I have seen something close to this but not as large. To get to me why take it so far? The last time something like this occurred was when a judge fired/let two (2) big honchos go at Division of Human Rights. These people go all the way out. [Illegible] using "G" right here to hurt me over and over again.
>
> Denying me physical contact with my babies is unconscionable. That's a terrible way to choose to hurt someone because I am assuming these/this person could be hurt.
>
> Please make it happen. I have/need to touch my babies by least tomorrow 2:00 p.m. 2:00 p.m. City Hall Park or 2:00 p.m. Brooklyn Bridge Park. I put some fire on a few people who I knew were watching me as I looked at the events. These few were looking for hurt on my face. I know these things – I see and other times they are placed in my "knowing."
>
> Now thank you. Your mistakes are my future. With this in mind I would like to ask the court to now compensate me twenty million (2) dollars. I would like to ask the court to order psychiatric evaluation on all involved. That is a grand masquerade parade.

(*Id.* at 5-7.)

In the section in which Plaintiff is asked to state the relief she seeks, she states: "Release of my two children by 2:00 pm tomorrow. Award me twenty (20) million in compensation and consider all the previous reliefs requested. Order manipulators stay away from 'G.' Security for me until I am housed." (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

Because Plaintiff filed more than ten actions IFP within a two-week period, by order dated October 7, 2019, the Court warned Plaintiff that further vexatious or frivolous litigation in this Court would result in an order under 28 U.S.C. § 1651 barring her from filing new actions IFP unless she receives prior permission.[2] *See Frost v. City of New York (HRA)*, ECF 1:19-CV-

---

[2] Plaintiff has filed a total of 27 actions during the period from September 16, 2019, through October 21, 2019. *See Frost v. NYPD*, ECF 1:19-CV-8595, 2 (S.D.N.Y. filed Sept. 16, 2019); *Frost v. City of New York*, ECF. 1:19-CV-8634, 2 (S.D.N.Y. filed Sept. 17, 2019); *Frost v. NYPD*, ECF 1:19-CV-8705, 2 (S.D.N.Y. filed Sept. 18, 2019); *Frost v. NYC MTA*, ECF 1:19-CV-8746, 2 (S.D.N.Y. Sept. 19, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8794, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8795, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York*, ECF 1:19-CV-8826, 2 (S.D.N.Y. Oct. 11, 2019) (dismissing complaint as frivolous and warning Plaintiff that further vexatious or frivolous litigation will result in an order pursuant to 28 U.S.C. § 1651, barring her from filing new actions IFP); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8881, 2 (S.D.N.Y. filed Sept. 24, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8909, 2 (S.D.N.Y. filed Sept. 25, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 2 (S.D.N.Y. filed Sept. 26, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9001, 5 (S.D.N.Y. Oct. 7 2019) (dismissing complaint as frivolous and warning Plaintiff that further vexatious or frivolous litigation will result in an order pursuant to 28 U.S.C. § 1651, barring her from filing new actions IFP); *Frost v. City of New York*

8826, 3 (S.D.N.Y. Oct. 7, 2019) (listing nine cases). In light of Plaintiff's abuse of the privilege of proceeding IFP, by order dated October 11, 2019, the Court has also ordered Plaintiff to submit a declaration showing cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint.[3] *See Frost v. City of New York (HRA)*, ECF 1:19-CV-9001, 4 (S.D.N.Y. Oct. 11, 2019). Frost filed this action before the October 7, 2019 order in which the Court warned her against filing further vexatious cases.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

---

*(HRA)*, ECF 1:19-CV-9062, 5 (S.D.N.Y. Oct. 11 2019) (dismissing complaint as frivolous); *Frost v. NYPD*, ECF 1:19-CV-9065, 2 (S.D.N.Y. filed Sept. 30, 2019); *Frost v. MYC MTA*, ECF 1:19-CV-9139, 2 (S.D.N.Y. filed Oct. 1, 2019); *Frost v. Yonkers Family Ct.*, ECF 1:19-CV-9184, 2 (S.D.N.Y. filed Oct. 2, 2019); *Frost v. CVR Assocs. Inc.*, ECF 1:19-CV-9185, 2 (S.D.N.Y. filed Oct. 3, 2019); *Frost v. D.O.H.R.*, ECF 1:19-CV-9186, 2 (S.D.N.Y. filed Oct. 3, 2019); *Frost v. CVR Assocs. Inc.*, ECF 1:19-CV-9190, 2 (S.D.N.Y. filed Oct. 4, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9264, 2 (S.D.N.Y. filed Oct. 7, 2019); *Frost v. NYC A.C.S.*, ECF 1:19-CV-9330, 2 (S.D.N.Y. filed Oct. 8, 2019): *Frost v. NYPD*, ECF 1:19-CV-9419, 2 (S.D.N.Y. filed Oct. 10, 2019): *Frost v. City of New York (HRA)*, ECF 1:19-CV-9500, 2 (S.D.N.Y. filed Oct. 11, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9564, 2 (S.D.N.Y. filed Oct. 15, 2019).; *Frost v. City Hall*, ECF 1:19-CV-9568, 2 (S.D.N.Y. filed Oct. 16, 2019); *Frost v. Oculus*, ECF 1:19-CV-9667, 2 (S.D.N.Y. filed Oct. 18, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9692, 2 (S.D.N.Y. filed Oct. 21, 2019); *Frost v. United States S.D. Courts*, ECF 1:19-CV-9693 (S.D.N.Y. filed Oct. 21, 2019).

[3] Plaintiff filed a notice of appeal on September 30, 2019, before the order of dismissal was signed and entered on the Court's docket. Although Plaintiff's appeal was prematurely filed, it has been processed with respect to the Court's October 11, 2019 order of dismissal. *See Frost*, ECF 1:19-CV-9001, 6.

The warning that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring Plaintiff from filing new actions IFP unless she receives prior permission remains in effect.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 23, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge